IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Ronald L. Jackson, individually and on behalf of others similarly situated, as a class, | ) ) ) ) | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:05-cv-023 |
| Financial Recovery Services Inc., Amber Opdahl and Chris Snyder | ) ) ) | |
| Defendants. | ) ) | |

## I.     INTRODUCTION

On January 25, 2005, this action was commenced against Financial Recovery Services Inc. ("FRS"), Amber Opdahl, and Chris Snyder. It is alleged that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., and engaged in misleading or deceptive collection practices.

The plaintiff, Ronald L. Jackson, is an individual with an unpaid debt. FRS is a Minnesota corporation that attempts to collect debts owed by consumers to various creditors. Opdahl and Snyder are individuals employed by FRS as account managers. In the course of the collection process, FRS corresponds with consumers through letters. These letters inform consumers of the outstanding debt and offer options to resolve the past due balance.

FRS sent Jackson letters on August 23, 2004, and December 9, 2004. Each letter states "Initial Notification" on the heading. See Plaintiff's Exhibits RLJ-01 and RLJ-02. The letter of August 23, 2004, instructed Jackson to contact Snyder. Id. Sometime after sending the August 23, 2004, letter, FRS determined that Jackson had changed residences and a replacement letter was sent

on December 9, 2004.  The letter of December 9, 2004, instructed Jackson to contact Opdahl.  The only difference between the two letters was the amount owed by Jackson due to interest and his new address.  The letters read as follows:

P.O. Box 385908
Minneapolis, MN  55438-5908
Return Service Requested

August 23, 2004

RONALD JACKSON

FINAN___ RECOVERY SERVICES, INC.
P.O. Box 385908
Minneapolis, MN  55438-5908
1-866-438-2861

| Creditor | Account | Account Balance |
|---|---|---|
| NCO FINANCIAL SYSTEMS INC., MA | | 3169.57 |

******INITIAL NOTIFICATION******

THE ACCOUNT(S) LISTED ABOVE HAS BEEN ASSIGNED TO THIS AGENCY FOR COLLECTION.  WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT.  WE ARE ENTITLED TO USE, AND WE INTEND TO USE, ALL APPROVED MEANS AT OUR COMMAND TO COLLECT THIS DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED AS A BASIS TO ENFORCE COLLECTION OF THIS DEBT.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTION AGENCY LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

SINCERELY,

CHRIS SNYDER
ACCOUNT MANAGER
TOLL FREE: 1-866-438-2861

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

***Detach and return this portion of this notice with your payment***
Note:  Any check returned for insufficient Funds or Account Closed will be assessed a $15.00 charge.

Amount enclosed:_____
Home phone:_____
Work phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN  55438-5908

TOTAL BALANCE DUE: $3169.57
FRS File #:

RONALD JACKSON



FRS013-823F303388-JXD3-3 3482

2

```
P.O. Box 385908                                          FINAN(  - RECOVERY SERVICES, INC.
Minneapolis, MN 55438-5908                                        P.O. Box 385908
Return Service Requested                                       Minneapolis, MN 55438-5908
                                                                      1-866-438-2861
December 9, 2004

RONALD JACKSON


        Creditor                    Account              Account Balance
        NCO FINANCIAL SYSTEMS INC., MA                   3288.04


                        ******INITIAL NOTIFICATION******

    THE ACCOUNT(S) LISTED ABOVE HAS BEEN ASSIGNED TO THIS AGENCY FOR COLLECTION. WE ARE A PROFESSIONAL
    COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT. WE ARE ENTITLED TO USE, AND WE INTEND TO USE, ALL
    APPROVED MEANS AT OUR COMMAND TO COLLECT THIS DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED AS A
    BASIS TO ENFORCE COLLECTION OF THIS DEBT.

    UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY
    OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS
    OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR
    ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT
    AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30
    DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE
    ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

    THIS COMMUNICATION IS FROM A DEBT COLLECTION AGENCY LICENSED BY THE MINNESOTA DEPARTMENT OF
    COMMERCE.

    SINCERELY,

    AMBER OPDAHL
    ACCOUNT MANAGER
    TOLL FREE: 1-866-438-2861

    THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS
    COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

    Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

..................................................................................................................
                 ***Detach and return this portion of this notice with your payment***
        Note: Any check returned for insufficient Funds or Account Closed will be assessed a $15.00 charge.

    Amount enclosed:_____       TOTAL BALANCE DUE: $3288.04
    Home phone:_____       FRS File #:
    Work phone:_____

    Financial Recovery Services, Inc.
    P.O. Box 385908                                      RONALD JACKSON              EXHIBIT
    Minneapolis, MN 55438-5908                                                          2

                                                                                 FRS013-1209A300679-JXD3-3 506
```

Jackson alleges that FRS, Snyder, and Opdahl's actions violate the "least sophisticated consumer" standard set forth in the Fair Debt Collection Practices Act. Jackson also alleges that FRS "unfairly tried to induce consumer to revive a stale debt." Jackson contends that this matter should be certified as a class action.

On August 2, 2005, the Defendants filed a motion entitled "Motion for Judgment on the Pleadings." The Defendants sought dismissal under Rule 12(c) of the Federal Rules of Civil Procedure, but cited to materials outside of the pleadings. On November 4, 2005, the Court issued an order informing the parties it was going to treat their motion to dismiss as a motion for summary judgment and gave the parties time to file supplemental briefings.

## II.   LEGAL DISCUSSION

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate

evidence from which a jury could reasonably find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### A.  THE FAIR DEBT COLLECTION PRACTICES ACT

The complaint sets forth several theories under the Fair Debt Collection Practices Act.  First, Jackson contends that the December 9, 2004, collection letter is "confusing to the least sophisticated consumer" and violates 15 U.S.C. § 1692e, which prohibits false, deceptive or misleading representations.  See Complaint, ¶ 5a.

Second, Jackson alleges that the detachable payment slip enclosed with each letter violates the Fair Debt Collection Practices Act, as it contradicts the "notice that [Plaintiff] is entitled to tell FRS that he disputes the debt in the first place."  Id. at ¶ 5b.  Jackson also contends that FRS "unfairly tried to induce [Plaintiff] to revive a stale debt, one on which the statute of limitations had expired or was about to expire."  Id. at ¶ 5c.

### B.  THE COLLECTION LETTERS DID NOT VIOLATE 15 U.S.C. § 1692e

15 U.S.C. § 1692e of the Fair Debt Collection Practices Act provides in part as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The test for determining whether a collection letter contains any "false, deceptive, or misleading representation" in violation of the Fair Debt Collection Practices Act is an objective test based on the understanding of the unsophisticated consumer.  In other words, is it likely that an unsophisticated consumer or debtor who reads the letter or notice would take it to be false, deceptive, or misleading? The letter must be viewed through the eyes of the unsophisticated consumer.  Duffy v. Landberg, 215

5

F.3d 871, 873 (8th Cir. 2000). The Eighth Circuit employs the "unsophisticated consumer" test which is also favored by the Seventh Circuit. <u>Peters v. General Service Bureau, Inc.</u>, 277 F. 3d 1051, 1055 (8th Cir. 2002) (<u>citing</u> <u>Gammon v. G.C. Services Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994)). The unsophisticated consumer test is designed to protect a consumer of below average sophistication or intelligence, but is subject to a requirement of reasonableness. <u>Duffy v. Landberg</u>, 215 F.3d 871, 874-875 (8th Cir. 2000). The test protects both the naive and trusting consumer and also is designed to protect debt collectors from unreasonable or peculiar interpretations of communications sent to a debtor. <u>Id.</u>

In the present case, the letters sent to Jackson are virtually identical and refer to the same account number, the same FRS File number, and the same debt. The two letters have a different address because Jackson had moved. It is apparent that these letters refer to the same account, and do not refer to a "second debt" as alleged by Jackson. The letters are straightforward. The Court finds that the Defendants have not perpetuated any fraud, deception, or misleading representations in the issuance of the two letters in question. The Court finds, as a matter of law, that the two letters issued by FRS to Jackson do not violate 15 U.S.C. § 1692e. The content and statements contained in the letters are not "false, deceptive, or misleading" as a matter of law.

    **C.**    **THE DEFENDANTS' PAYMENT SLIP DOES NOT VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT.**

The Fair Debt Collection Practices Act also provides that

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

>   (1) the amount of the debt;
>
>   (2) the name of the creditor to whom the debt is owed;
>
>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

See 15 U.S.C. § 1692g(a).

Jackson does not dispute that FRS' letters contained all of the information required by the Fair Debt Collection Practices Act. See Complaint, ¶ 5a. Rather, Jackson alleges that FRS violated 15 U.S.C. § 1692e and 1692g by providing a payment slip with the initial demand letters. Specifically, Jackson alleges that the language of the payment slip is confusing to the least sophisticated consumer/debtor, as it "contradicts the notice that [the debtor] is entitled to dispute the debt . . ." See Complaint, ¶ 5b.

Jackson also claims that FRS violated the Fair Debt Collection Practices Act by "overshadowing" or "burying" the validation notice. Courts have held that a failure to include the validation, or include it in a manner in which it is unlikely that the consumer will locate the notice, is a violation of 15 U.S.C. § 1692g. See Ost v. Collection Bureau, Inc., 493 F. Supp. 701, 703 (D. N.D. 1980). The Ninth Circuit Court of Appeals has held that a debt collector does not comply with 15 U.S.C. § 1692g "merely by inclusion of the required debt validation notice; the notice Congress

required must be conveyed effectively to the debtor." Swanson v. Southern Oregon Credit Services, Inc., 869 F.2d 1222, 1225 (9th Cir. 1988).  Further, in order to be effective, "the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." Id.  Additionally, if a debt collector's initial communication shows a "deliberate policy" to "evade the spirit of [15 U.S.C. § 1692 g(a)], the initial communication will not comply with the requirements of 15 U.S.C. § 1692g(a)." Ost v. Collection Bureau, Inc., 493 F.Supp. 701, 703 (D. N.D. 1980).

The claim that the language of the payment slip or validation notice was improper and in violation of the Fair Debt Collection Practices Act is without merit. Each of the letters and the attached payment slips are straightforward.  Each letter states that FRS was assigned Jackson's account and provides all of the information required by 15 U.S.C. § 1692g.  Near the bottom third of the letter there is a dotted line, and below the dotted line is the sentence, "Detach and return this portion of the notice with your payment."  The Court finds that neither the letters, nor the payment slips attached to the letters, are false, misleading, deceptive, nor in any manner violative of the Fair Debt Collection Practices Act.  The Court finds that the claim regarding the payment slip is without merit and that there are no genuine issues of material fact in dispute as to this claim.

      D.      **THE DEFENDANTS DID NOT INDUCE JACKSON TO REVIVE A STALE DEBT**.

Finally, Jackson alleges that FRS "attempted to induce [Plaintiff] to revive a stale debt, one [sic] on which the statute of limitations had expired or was about to expire." See Complaint, ¶ 5c. Jackson alleges that FRS was part of a "scheme designed to induce at least partial payment, [sic] so that the entire debt could be revitalized under local law. Id.  It is clear from the record that Jackson

has failed to provide any evidence that the debt in question is stale.  In fact, counsel for Jackson has acknowledged that the debt was not stale.  See Docket 18-1 filed on January 26, 2006.  This claim is devoid of merit.

After Jackson abandoned the argument that the debt sought to be collected was time-barred, he alleged a new and different theory or claim that FRS improperly tried to collect compound interest in violation of the Fair Debt Collection Practices Act.  The Court finds that this claim is untimely and unsupported by the evidence in the record.  There are no genuine issues of material fact in dispute for trial as to this new claim.

In summary, the Court finds, as a matter of law, that the letters and the attached payment slips issued by FRS and its account managers to Jackson do not contain any "false, deceptive, or misleading representations" in violation of the Fair Debt Collection Practices Act.  The letters and payment slips, when viewed through the eyes of the unsophisticated consumer, are not improper, deceptive, or misleading.  As such, summary judgment is appropriate under the circumstances.

The Court **GRANTS** the Defendants' Motion (Docket No. 4).

Dated this 3rd day of May, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court